

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00254-CR

JERARDO LOPEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1419758R

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jerardo Lopez of continuous sexual abuse of a child under age fourteen, and the trial court sentenced him to thirty years' confinement. In two issues, Lopez challenges the sufficiency of the evidence to support his conviction and argues that his trial counsel was ineffective. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

S.L. was born in Fort Worth on August 7, 1997. She moved to Mexico when she was "small," to Pharr when she was nine years old, and back to Fort Worth in the summer of 2010, when she was twelve years old. Lopez, S.L.'s biological father, lived with S.L., her mother, and her brother for part of the time that they lived in Pharr and when S.L. returned to Fort Worth in 2010. Before getting a bunk bed, S.L. would sleep either in the same bed as her parents or on the floor of the one-bedroom duplex that the family shared.

During the summer of 2010, when S.L. was twelve years old, Lopez would touch her inappropriately during the night when S.L.'s mother and brother were asleep. Lopez's hands and mouth contacted S.L.'s breasts and sexual organ, Lopez's genitals contacted S.L.'s sexual organ, and Lopez caused S.L.'s hands and mouth to contact his genitals. The abuse occurred a few times after S.L. turned thirteen and again after she turned fifteen. S.L. disclosed the abuse to her Mother and to the parents of an acquaintance in June 2013, S.L. was subsequently placed in foster care, and the police later arrested Lopez. A jury trial, a conviction and sentence, and this appeal followed.

Lopez argues in his first issue that the evidence is insufficient to support his conviction because it was too vague to demonstrate that the abuse occurred during the timeframe that was set out in the indictment—August 7, 2009, through August 6, 2010. Referring to S.L.'s testimony that the abuse happened "[a]lmost every night" and "over the course of several months" during the summer of 2010,

Lopez contends that the testimony could have meant either May through August 2010—meaning that the abuse would have occurred during the timeframe that was contained in the indictment—or July and August 2010—meaning that the abuse could have occurred beyond the timeframe that was contained in the indictment.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

A person commits the offense of continuous sexual abuse of a young child if "(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." Tex. Penal Code Ann. § 21.02(b) (West Supp. 2016). The legislature "created the offense of continuous sexual

3

abuse of a child in response to a need to address sexual assaults against young children who are normally unable to identify the exact dates of the offenses when there are ongoing acts of sexual abuse." *Baez v. State*, 486 S.W.3d 592, 595 (Tex. App.—San Antonio 2014, pet. ref'd), *petition for cert. filed*, (U.S. Aug. 2, 2016) (No. 16-172). "[A]lthough the exact dates of the abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Id.*

We disagree with Lopez that the jury could have reasonably inferred from S.L.'s testimony—that the abuse occurred "[a]lmost every night," "over the course of several months," for "more than just 30 days in duration," and during the summer of 2010—that the abuse could have occurred after August 6, 2010, because S.L. confirmed that the abuse occurred *when she was twelve years old*. S.L. was not twelve years old after August 6, 2010; she was twelve years old only through August 6, 2010. Further, although S.L. testified that Lopez abused her several times after she turned thirteen, that evidence was plainly distinguishable from the evidence that Lopez abused her when she was twelve because, simply enough, S.L. was a different age at that point. Contrary to Lopez's argument, there was not "a clear area of reasonable doubt as to the time frame of the offenses," nor was there "an outright contradiction in S.L.'s testimony." We overrule Lopez's first issue.

4

In his second issue, Lopez argues that his trial counsel was ineffective (1) by failing to object to S.L.'s testimony that Lopez went to jail because he came home drunk once and struck S.L.'s mother, (2) by failing to elicit evidence to support the remark made during opening statements that S.L. lies to get her way, and (3) by failing to object to the testimony of the SANE nurse that it was her "impression" that S.L. "was sexually abused."

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and

5

prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

Lopez has not made a sufficient showing under *Strickland*'s deficient-performance prong. Regarding his two failure-to-object arguments, not only is there at least the possibility that trial counsel could have chosen to not object in accordance with a legitimate trial strategy, but even more importantly, the record is silent as to counsel's reasons for not asserting an objection, and in the absence of a developed record, we will not infer ineffective assistance.[2] *See*

---

[2]Lopez did not file a motion for new trial.

6

*Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("When . . . direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined."); *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (reasoning that an isolated failure to object to improper evidence does not constitute ineffective assistance); *Bryant v. State*, 282 S.W.3d 156, 169 (Tex. App.—Texarkana 2009, pet. ref'd) (explaining that trial counsel "might have reasonably chosen to not object so as not to bring any additional attention to [the] damaging testimony."); *Upton v. State*, No. 06-08-00100-CR, 2009 WL 137172, at *5 (Tex. App.—Texarkana Jan. 22, 2009, pet. ref'd) (mem. op., not designated for publication) (reasoning that objection to improper opinion testimony of SANE nurse "would have done nothing more than highlight the unsolicited opinion to the jury").

As for Lopez's argument that trial counsel failed to elicit evidence to support part of her opening statement, the record shows that trial counsel repeatedly attempted to show that S.L. was untruthful. Counsel made an effort to elicit testimony that S.L. was untruthful in regard to (i) the people to whom she said she had reported the abuse, (ii) the extent of Lopez's abusive conduct, and (iii) whether Lopez had confronted her in June 2013 about allowing boys to fondle her breasts. Trial counsel also questioned two of S.L.'s siblings about their close relationship with S.L. and their observations of S.L.'s conduct when she was around Lopez, presumably to show that S.L. would have said something

7

to one of them or acted a certain way had Lopez been abusing her.  Viewing the record as a whole, we cannot conclude that Lopez has overcome the strong presumption that trial counsel's representation fell within the wide range of reasonable professional assistance.   *See Nava*, 415 S.W.3d at 307–08. Accordingly, we overrule Lopez's second issue and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2016

8